IN THE DISTRICT COURT OF THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Linda Massey

    Plaintiff,                                CASE NO.:

vs.

Walgreens Company,

    Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, **Linda Massey,** who, by and through his undersigned counsel(s), hereby sues the Defendant, **Walgreens Company,** and further alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of Seventh-Five Thousand ($75,000 .00) Dollars, exclusive of attorney's fees and costs.

2. This is an action brought under the *Florida Statutes, Chapter 760,* and Title 42 of the United States Code, Section 2000e, *et.seq.,* Title 42 of the United States Code, Section 1981a, and Title 29 of the United States Code, Section 206.

3. The Plaintiff, Linda Massey**,** (hereinafter to be referred to as "Ms.

Massey "), has, at all times material to the instant Complaint, been a resident of Quincy, Gadsden County, Florida and has been employed by the Walgreens Company (hereinafter to be referred to as "Walgreens") in the capacity of a pharmacist. The Plaintiff, Ms. Massey, is a member of a protected class due to her age and complaints of discrimination. Accordingly, the Plaintiff, Ms. Massey, is *sui juris.*

4. At all times, materials to the instant Complaint, the Defendant, Walgreens, has been organized and existing under the laws of the State of Illinois and the State of Florida. At all times pertinent to this action, the Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. The Plaintiff, Ms. Massey, age 61, has satisfied all conditions precedent to the bringing of this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission and has received a " Right-to-Sue" Letter from the same. (Please refer to an exact copy of the said letter, as appended immediately hereto and marked as Exhibit "A").

## **GENERAL ALLEGATIONS:**

6. The Plaintiff, Ms. Massey, began her career with the Defendant, Walgreens, 37 years ago. Walgreen paid her, on the last day of her employment, a

salary commensurate with her training, experience, and superior performance.

7. Walgreens discharged Ms. Massey based on her age, and complaint of discrimination, on September 6, 2017, though she was competent in 1) filling prescription orders, 2) customer interaction, 3) medical interaction with personnel, 4) compounding, 5) filling prescription orders, 6) working with other pharmacists, technicians, and store employees and 7) day-to-day duties.

8. Before Ms. Massey's discharge, she was subject to a hostile work environment because of her protected status and her complaints about her discriminatory treatment. The hostile attacks had to do with discrimination - age discrimination, the deliberate creation of a hostile work environment, and a pernicious assassination of Ms. Massey's character.

9. On May 7, 2016, Peaches Blair (a 30ish African American pharmacy technician), verbally attacked Ms. Massey, in the presence of another pharmacy technician. Plaintiff feared for her safety, due to the unprovoked confrontation.

10. Plaintiff reported this incident to Lee Dunaway, Pharmacy Manager, the manager at the time of this incident. He failed, and the harassment continued.

11. The Pharmacy Manager had always done ms. Massey's Employee Evaluations.  For the first time in 2016 Plaintiff's Employee Evaluation was done by the Store Manager, Sara Ahl, a 30ish Caucasian.  For the first time,

in Ms. Massey's career, she received a poor evaluation and was placed on a Performance Improvement Plan (PIP).

12. Plaintiff had never received an unsatisfactory evaluation during the three (3) years that she worked Quincy Florida store location.

13. Ms. Massey's evaluations, in the past, had always been rated as "good."

14. Plaintiff complained to the Pharmacy Supervisor, Manuel Littlefield, about this evaluation and asked for it to be redone by the Pharmacy Manager. Mr. Littlefield denied her request, telling her to embrace the PIP and the evaluation. The PIP was to have lasted one-to-two months.

15. After a younger Pharmacy Manager, a 25-year-old Caucasian, was employed in October 2016, he, Marcus Gurley, shunned Plaintiff, a 37-year Pharmacist with the company, formed a professional and social relationship with the younger non-supervisory employees and fostered an atmosphere of hostility towards the Plaintiff. The new Pharmacy Manager has only three months of experience as a manager.

16. Jessica Kotei, Store Manager, and Marcus Gurley, the Pharmacy Manager, met with Plaintiff concerning the PIP and her evaluation. They told her that her performance was going in the right direction and that she was working positively. The hostile treatment, however, did not abate. It intensified.

17. In November 2016, Plaintiff, again, complained to Marcus Gurley, that she was being subjected to a hostile working environment, because of her age and was

being disrespected in the workplace. Mr. Gurley disregarded her complaint and negatively scrutinized her work and attacked her professional judgment.

18. In December 2016, Loss Prevention interrogated Plaintiff about a prescription. The customer was leaving on a Christmas vacation and needed his medication. He had a 90-day prescription, and the computer would not allow Plaintiff to reverse the prescription to give him a 30-day supply, as a partial prescription. Plaintiff received $20.00 from the customer to finish the prescription when the medication was restocked. Peaches Blair complained to Marcus Gurley about the partial prescription. Shortly afterward, and without communicating with Plaintiff, Mr. Gurley reported her to Loss Prevention.

19. Loss Prevention interrogated Plaintiff. Loss Prevention concluded that Plaintiff had sufficiently taken care of the customer.

20. The questioning of other pharmacists for similar conduct did not happen. Plaintiff always handled customer issues, promptly, with due regard to customers' health.

21. In December 2016, Plaintiff again complained to Manuel Littlefield, who again told Plaintiff to embrace the PIP program. He did not act on her complaint.

22. After Manuel Littlefield left his position mid-year 2017, Defendant replaced him. Mr. Gonzalez became the Interim Pharmacist Supervisor in Gainesville, FL. He told Plaintiff in June/July 2017 that discrimination and harassment would not be

tolerated. The discrimination and harassment did not stop.

23. On January 4, 2017, a 60-year-old resigned because of the ageist hostile environment created by Pharmacy Manager.

24. Plaintiff complained to Pharmacy Manager in a face-to-face meeting on January 26, 2017, about the hostile workplace environment/age discrimination/disparate treatment.

25. On February 24, 2017, Ms. Massey submitted a Hostile Workplace Environment Letter to Littlefield. Mr. Gurley and Mrs. Kotei.

26. The hostile work environment continued through August 2017. Management would not assign other employees to help her when the pharmacy was busy, which occurred frequently.

27. On September 6, 2017, defendant berated Plaintiff in front of other pharmacists, students and employees. On that date, Plaintiff was terminated.

## COUNT ONE-AGE DISCRIMINATION

28. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Twenty-seven (27) as if outlined in their entirety herein.

29. This is an action against the Defendant for age discrimination under the *Florida Statutes, Chapter 760,* and Title 42 of the United States Code Section 2002, *et.seq.*

30. Defendant treated Plaintiff different in terms and condition of employment

than younger employees. Plaintiff placed the Defendant on notice of an ageist hostile work environment and age discrimination on multiple occasions. Then after notification of the age-based treatment and an age-based hostile work environment, the Defendant failed to take any action to cure the harm inflicted upon the Plaintiff, Ms. Massey.

31. The Defendant knew, or should have known, of the ageist hostile work environment and age discrimination perpetrated against the Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to the Plaintiff.

32. The Defendant knowingly condoned and ratified the discrimination set forth hereinabove.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with the Defendant.

34. The Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon ageist hostile work environment and age discrimination in violation of the state and federal laws applicable to this action.

35. As a direct and proximate result of Defendant's conduct, the Plaintiff has sustained damages. Said injuries are continuing and will not abate in the future.

**WHEREFORE,** the Plaintiff, Linda Massey, demands judgment against the Defendant, Walgreens Company, for compensatory damages, pre-judgment, and post-judgment interest, attorney's fees, taxable costs, as well as the provision of any such other relief as this Court should deem equitable and just.

## COUNT TWO RETALIATION

36. Plaintiff realleges and incorporates by reference Paragraphs One (1) through thirty-five (35) as if outlined in their entirety herein.

37. Plaintiff voice her opposition, verbally and in writing, to the Defendant's violation of State and Federal Laws related to discrimination in the workplace on many occasions submitted to the pre-suit administrative process required to confer standing to bring the instant action.

38. Defendant terminated Plaintiff for voicing her opposition to Management.

39. As a direct and proximate result of the Plaintiffs initiation of her discrimination claims at issue herein, the Plaintiff was terminated by the Defendant, THA, in retaliation for the same.

40. By the unlawful retaliation, the Plaintiff, Ms. Massey, has sustained damages. Said injuries are continuing and will not abate in the future.

**WHEREFORE,** the Plaintiff, Linda Massey**,** demands judgment against the Defendant, Walgreens Company for compensatory damages, pre-judgment and post-judgment interest, attorney's fees, taxable costs, as well as the

provision of any such other relief as this Court should deem equitable and just.

## PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,

Date: June 5, 2019

                        */s/Jack L. McLean Jr.*
                        Jack L. McLean Jr.
                        FL. Bar No. 0182617
                        Jack L. McLean Jr and Company LLC
                        1367 E. Lafayette Street, Suite B
                        Tallahassee, FL 32301
                        850-841-0443 cell
                        Mccl3690@comcast.net

## **CERTIFICATE OF SERVICE**

This to certify that I electronically filed Plaintiff Linda Massey's **COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

                        */s/Jack L. McLean Jr.*

EXHIBIT A

EEOC Form 161 (11/16)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Linda B. Massey<br>105 Red Bird Rd<br>Sumatra, FL 32335 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2018-00930 | Suranny J. Gomez,<br>Investigator | (813) 202-7931 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*      MAR 0 7 2019

Enclosures(s)      Evangeline Hawthorne,<br>Director      (Date Mailed)

cc:
Kim Metrick<br>Director & Managing Counsel<br>WALGREENS-EMPLOYMENT LAW<br>104 Wilmot Road<br>MS#144W<br>Deerfield, IL 60015

Jack L. McLean, Jr.<br>JACK L. MCLEAN JR. & COMPANY, LLC<br>1367 East Lafayette Street<br>Suite A<br>Tallahassee, FL 32301

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be